(26 Misc. Rep. 79.)

### A. & S. HENRY & CO. v. TALCOTT.

(Supreme Court, Special Term, New York County. January, 1899.)

1. COUNTERCLAIM—BILL OF PARTICULARS.
   Where a counterclaim in an action for goods sold by sample alleged that the goods were warranted in certain respects, but did not comply with the warranty, and were therefore of much less value, such allegation applies to all the goods sold; and hence no bill of particulars is necessary.

2. SAME.
   But where it also alleges that the goods were to be manufactured and resold by defendant, and were returned by his customers because defective, and that he was compelled to make discounts, and subjected to further loss and expense in their resale, a bill of particulars, showing the names of customers to whom allowances had been made, the amounts thereof, and the loss and expenses of resale, should be filed.

3. SAME.
   Where a counterclaim alleged that the goods bought were invoiced at their value, had they complied with a warranty of quality, and that defendant paid duties thereon based on such valuation, a bill of particulars is not required.

4. SAME.
   Where, in an action for the price of goods sold, defendant's counterclaim alleged that the goods were not delivered on the dates contracted, and that defendant made contracts with his customers, relying on the dates fixed in fixing the time when he would deliver to them, but that, in consequence of plaintiff's failure to deliver as agreed, defendant lost profits he would otherwise have made, plaintiff is entitled to a bill of particulars showing the names of customers with whom defendant made contracts, the amounts and kinds of goods he agreed to sell them, and the profits claimed to have been lost, but not as to shipments which, as between the parties, were not made in time.

Action by A. & S. Henry & Co. against James Talcott for goods sold and delivered. Motion for bill of particulars as to counterclaims filed by defendant. Granted.

Leaventritt & Nathan, for plaintiff.
Kellogg & Beckwith, for defendant.

SCOTT, J.   The plaintiff's demand for a bill of particulars is too broad.  The plaintiff, a foreign corporation, sold the defendant, by sample, certain goods, and now sues for a balance of the purchase money.

The first counterclaim asserts that the goods were to be manufactured for the defendant for the express purpose of being resold to his customers, and that plaintiff warranted that they should be free from defects, and fit for the purpose of resale as merchantable articles of the quality represented by the samples; that the goods were not free from defects arising from manufacture, and were not reasonably fit for the purpose of being resold as merchantable articles of the quality of the samples, and did not comply with the warranty, and were of less value than they would have been if the warranty had been complied with.   Up to this point, no bill of particulars as to the especial goods which it is alleged did not come up to warranty should be ordered; for it is apparent that the counterclaim is intended to apply, and in terms does apply, to all the goods involved in this action.   Particulars in this regard would consist merely of an enumeration of all the goods manufactured for and shipped to defendant, and as to these the plaintiff must be already informed. The counterclaim, however, goes on to allege that a large portion of the goods were resold by defendant to his customers, and were rejected and returned, and that claims were made upon defendant by reason of the defects in the goods, and that defendant was compelled to, and did, make allowances to his said customers, and was subjected to further loss, damage, and expense in the resale of the goods thus returned to him.   This allegation is in the nature of a claim for special damages, and the particulars thereof must be peculiarly within defendant's knowledge, and are not presumptively known to plaintiff.   The defendant should furnish a bill of particulars, showing the names of the persons to whom he made allowances, and the several amounts of such allowances, and the items of the damage, loss, and expense incurred in the resale of the rejected goods.

The second counterclaim asserts that the goods were invoiced as of the value they would have been if they had in fact been equal to sample and in accordance with the warranty and that the defendant paid duties thereon based upon such valuation, whereas they were in fact of less value, and, if they had been invoiced as of their actual value, the defendant would have been called upon to pay a much smaller amount in duties.   No particulars are needed as to this counterclaim.   The plaintiff must know the values stated in the invoices, and the rate of duty charged upon goods of the kind and quality shipped.   The amount the defendant was compelled to overpay will depend upon what the jury find the actual value of the goods to have been.

The third counterclaim alleges that the contract between plaintiff and defendant specified certain times when the goods to be manufactured by plaintiff for defendant should be delivered; that, relying

upon such contract, defendant himself made contracts with his cus-
tomers, and fixed times when he would deliver said goods, or por-
tions of them, to said customers, and made contracts for the sale and
delivery of said goods at specific dates; that plaintiff failed to com-
ply with its contract, and to deliver the goods at the times spec-
ified, and in consequence thereof the defendant was himself unable
to comply with the contracts he had entered into with his customers,
and thereby lost the profit he would have made, if he had been able
to make deliveries as he had agreed. The plaintiff is not entitled to
a bill of particulars of the shipments which, as between plaintiff and
defendant, were not made in due time; for it must be presumed
to know what the contract was in regard to the time of shipment,
and also what the actual dates of shipment were, and whether they
conformed to the contract or not. It is, however, entitled to know
the names of the customers with whom defendant made the time
contracts, which he was, by reason of plaintiff's default, unable to
carry out, and of the amounts and kind of goods he had agreed to sell
to each, and the profits he claims to have lost by reason of his in-
ability to carry out such contracts.

The motion will be granted, to the extent indicated in this mem-
orandum, but without costs. Order to be settled on notice.

Motion granted, without costs.